HAYES F. MICHEL [SBN 141841]
SHINAAN S. KRAKOWSKY [SBN 100972]
**KRAKOWSKY MICHEL**
1925 Century Park East, Suite 2050
Los Angeles, California 90067-2746
Telephone: (310) 556-1956
Facsimile:  (310) 556-4617
Email: hmichel@krakowskymichel.com
       ssk@krakowskymichel.com

Attorneys for SPECIALLY APPEARING
Defendant DERMAVITA LIMITED
PARTNERSHIP

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLERGAN, INC. | Case No. 8:17-cv-00619-CJC-DFM |
| Plaintiff | [Hon. Cormac J. Carney, Crtm. 9B] |
| v. | **DECLARATION OF MAZEN NABIL HOUSSAMI IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULES 12(B)(2) AND 12(B)(5) OR, IN THE ALTERNATIVE, FOR AN ORDER QUASHING SUMMONS** |
| DERMAVITA LIMITED PARTNERSHIP; DIMA CORP. S.A.; and KBC MEDIA RELATIONS LLC, | |
| Defendants. | Date: July 31, 2017<br>Time: 1:30 p.m.<br>Crtm: Ronald Reagan Federal Building and United States Courthouse, 411 W. Fourth St., Santa Ana, CA, 92701, Courtroom 9B, 9th Floor |

## WITNESS STATEMENT OF
## MAZEN NABIL HOUSSAMI

I, MAZEN NABIL HOUSSAMI, of Gemmayzeh, Gouraud Street, Robert Georges Bldg, Saifi, Beirut, Lebanon, will say as follows:

1.  I am a lawyer and the founding partner of Lawyers Consultants, a law firm established in Beirut in September 2007 (the Firm). I hold a law degree issued by Saint Joseph University, as well as a masters degree from the same university in private law. From August 2002 till September 2007 I worked as an associate at Ramzi Joreige and Partners, a Legal 500 law firm with presence in Lebanon whose founder was the head of the Lawyers Bar Association and a former minister in the previous government of Lebanon. From September 2003 till September 2007, I was the main instructor teaching business law course at the Lebanese American University, a leading American affiliated university in the Arab world. The Firm was retained by Dermavita – Parseghian and Partners – Limited partnership (Dermavita), in relation to the civil proceedings issued by Allergan Inc. against Dermavita in early 2008 (April 2008) ("the Allergan Proceedings") in relation to the Juvederm Trademark that resulted in a final judgment dated January 29, 2015 acknowledging Dermavita's priority rights over the trademark as a result of its prior use of the Juvederm Trademark by Dermavita. A true and correct copy of that ruling in the Allergan Proceedings is attached as Exhibit A.

2.  I have extensive experience in commercial law, civil litigation, cross border transactions and disputes, including without limitation, recognition of foreign judgments and awards and their exequatur.

3.  Except where otherwise indicated, the facts and matters set out below are within my own knowledge, and are true to the best of my belief.

4.     Dermavita is a Lebanese company, duly registered and existing under the laws of Lebanon under the registration number 1006635 with the commercial registrar of Beirut. Its address and main place of business is Corniche El-Mazraa, Main Road Lebanon & Gulf Bank Building, 4th Floor, Beruit, Lebanon.

5.     The service of litigation documents and process under Lebanese laws is considered as a matter of public order and affecting the defense rights and as a result it is governed by detailed and express provisions of the Code of Civil Litigation Procedures that cannot be breached under the penalty of rendering the service and any process based on such service as invalid, illegal and null. The service of official documents (including claims, court documents, court orders and other litigation documents) is to be done by a court or under its supervision, unless an international convention provides otherwise, in which case the provisions of the convention supersedes

6.     Lebanon is not a party to any bilateral convention on mutual legal assistance or on service of judicial documents with the United States superseding the compulsory legal provisions related to the service of process under Lebanese law.

7.     As a matter of procedural law in Lebanon, Articles 397 and subsequent of the Code of Civil litigation procedures regulate the methods of service as follows:

   (a)    Art. 398 of the Lebanese Code of Civil Litigation Procedures provides that the service shall be effected by a bailiff (*huissier*), or police personnel or *gendarmerie*, or Lebanese court clerk.

   (b)    Art. 403-2 of the Lebanese Code of Civil Litigation Procedures further provides that with regard to companies, associations and all moral persons: "the service is done at the head office of the moral person or it branch office …, to its legal representative, … or any of the employees present." A true and correct copy of the relevant Lebanese Codes of Civil Litigation Procedures is attached as Exhibit B.

8.     The Lebanese word that is translated here as "shall" is also translated into English as "must." That is, Article 398 provides for the exclusive methods of service, and does not include the method used by Allergan in this matter.

9.     I have reviewed the letter of Allergan's counsel, dated June 20, 2017, and attached hereto as Exhibit C. In that letter, he states:

   Under Lebanese law, service of case initiating by courier with a signature receipt is an accepted method of service for parties to a Lebanese action residing abroad and such service does not violate any rule of public policy in Lebanon, as it is not expressly prohibited by any provision of the Lebanese Code of Civil Procedure (LCCP).

violate any rule of public policy in Lebanon, as it is not expressly prohibited by any provision of the Lebanese Code of Civil Procedure (LCCP).

As a result, while Section 398 of the LCCP may provide for specific methods of service for parties to a suit pending in Lebanon, it does not prohibit service in the manner Dermavita was served for a suit pending outside Lebanon.

10. I do not understand the basis for counsel's distinction between service for actions pending in Lebanon and actions pending outside of Lebanon. Lebanese law, and specifically the LCCP, does not make that distinction regarding the issue of service. Service of litigation documents by mail is prohibited under the Lebanese Code of Civil Procedure, which provides that service must be effected by a Lebanese official bailiff, Lebanese police personnel or Lebanese court clerk. As a result, the service of litigation documents to Dermavita by any means of service other than the those described by the internal Lebanese Procedure Laws is illegal and against the Lebanese laws and the public order as applied in Lebanon. Service of documents in breach of those provisions makes the service process null and illegal.

I declare under penalty of perjury under the laws of Lebanon that the foregoing is true and correct and that this was executed on this 29th day of June 2017 in Beirut, Lebanon.

MAZEN NABIL HOUSAMI

Dated 29/6/2017