1  SEYFARTH SHAW LLP
   KENNETH L. WILTON (SBN 126557)
2  E-mail: kwilton@seyfarth.com
   2029 Century Park East, Suite 3500
3  Los Angeles, California 90067-3021
   Telephone: (310) 277-7200
4  Facsimile: (310) 201-5219

5  CARRIE P. PRICE (SBN 292161)
   E-mail: cprice@seyfarth.com
6  560 Mission Street, Suite 3100
   San Francisco, California 94105-2930
7  Telephone: (415) 397-2823
   Facsimile: (415) 397-8549
8  Attorneys for Plaintiff
   ALLERGAN, INC
9

10                    UNITED STATES DISTRICT COURT
11                   CENTRAL DISTRICT OF CALIFORNIA
12                           SOUTHERN DIVISION
13

14  ALLERGAN, INC.,                    Case No. 8:17-cv-00619-CJC-DFM

15              Plaintiff,             **DECLARATION OF PROF. DR**
                                       **NAYLA COMAIR-OBEID IN**
16       v.                            **SUPPORT OF ALLERGAN,**
                                       **INC.'S OPPOSITION TO**
17  DERMAVITA LIMITED                  **MOTION TO DISMISS**
    PARTNERSHIP, DIMA CORP. S.A. and
18  KBC MEDIA RELATIONS LLC,           Date:  July 31, 2017
                                       Time:  1:30 p.m.
19              Defendants.            Place: Courtroom 9B

20                                     The Honorable Cormac J. Carney
21
22
23
24
25
26
27
28

DECLARATION OF PROFESSOR COMAIR-OBEID IN SUPPORT OF ALLERGAN, INC.'S OPPOSITION TO
                           MOTION TO DISMISS
39731860v.1

I, Nayla Comair-Obeid, declare as follows:

1. I am the founding and senior partner in the Obeid Law Firm, located in Beirut, Lebanon where I also head the firm's dispute resolution practice. I am also the President of the Chartered Institute of Arbitrators (CIArb) for 2017.

2. I have over 35 years of experience and am competent to make this declaration. I am fluent in English, French and Arabic. If called as a witness, I would competently testify to the facts stated in this declaration.

3. I am Professor of international commercial arbitration at the Lebanese University and alternative dispute resolution at the Lebanese Judicial Institute. I have also taught the principles of civil law at the Lebanese University for a number of years.

4. I have extensive trial experience in Lebanon, where I represent major domestic and foreign clients, including states and governmental entities. Over the course of my 38-year career in litigation and international arbitration, I have been, and continue to be, involved in the most significant litigation disputes in the market. My areas of expertise range from international business law, and Middle Eastern legislation, to complex civil litigation and cross-border disputes.

5. I am often called upon as legal expert on various aspects of Lebanese law and Middle Eastern legislation in foreign courts and arbitral proceedings. I have authored *The Law of Business Contracts in the Middle East* (Kluwer Law) which is taught in a number of universities across the world, as well as numerous other publications in Arabic, French and English on various issues relating to Lebanese law. I am also frequently invited to speak as a leading expert in my field at legal conferences, seminars and workshops across the Middle East, Europe and North America.

6. In addition my firm, Obeid Law Firm, has consistently earned a Band 1 ranking in Dispute Resolution, as determined by Chambers and Partners and other leading legal directories such as the Legal 500.

1

DECLARATION OF PROFESSOR COMAIR-OBEID IN SUPPORT OF ALLERGAN, INC.'S OPPOSITION TO MOTION TO DISMISS

7. I have been asked to provide my opinion on the service of US legal proceedings in Lebanon and was provided with the declaration of Mr Mazen Nabil Houssami, which I have reviewed for the purpose of this declaration.

8. As there is no service convention or applicable treaty between the US and Lebanon, the procedure regarding the notification of such proceedings will be determined by the laws of the jurisdiction from where the notification was issued, *i.e.* the US.

9. Accordingly, the validity of the notification procedure will be governed by US laws and its service in Lebanon will be valid as long as it follows the provisions under US laws, particularly Rule 4 of the Federal Rules of Civil Procedure.

10. In this respect, I understand that Rule 4(f)(2)(C)(ii) states the following:

> "Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual — other than a minor, an incompetent person, or a person whose waiver has been filed — may be served at a place not within any judicial district of the United States:
> 
> [...]
> 
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> 
>     (A) As prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> 
>     (B) As the foreign authority directs in response to a letter rogatory, or letter of request; or
> 
>     **(C) Unless prohibited by the foreign country's law, by:**
> 
>     (i) Delivering a copy of the summons and of the complaint to the individual personally; or
> 
>     **(ii) Using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or**
> 
> (3) By 'other means not prohibited by international agreement, as the court orders."
> [Emphasis added]

11. This means US law provides that, in the absence of an internationally agreed means, which is the case here, the service of legal proceedings through *"the usage of any*

2

DECLARATION OF PROFESSOR COMAIR-OBEID IN SUPPORT OF ALLERGAN, INC.'S OPPOSITION TO MOTION TO DISMISS

*form of mail that the clerk addresses and sends to the individual and that requires a signed receipt"*, would be considered valid service, **unless prohibited by Lebanese law**.

12. As a preliminary observation, when assessing whether a matter is prohibited under Lebanese law due regard must be made to the entire corpus of law, which includes considering, *inter alia*, the Lebanese Code of Civil Procedure (the ***LCCP***) in its entirety.

13. Lebanese law, particularly the LCCP, makes a distinction between service of local proceedings to defendants in Lebanon (Article 398 LCCP) and service of local proceedings to defendants residing outside Lebanon (Article 413 LCCP). Nonetheless, the LCCP remains silent with respect to the notification of foreign proceedings to defendants in Lebanon. In the silence of the text, the general principles of law are to be applied (Article 4 LCCP).

14. Article 398 LCCP, provides that notification occurs through a bailiff, police, the interior security forces or via the court clerk.[1] This article applies exclusively to the notification of a Lebanese action to parties in Lebanon.

15. Article 413 LCCP provides the following:

"Article 413 – Notification to a person residing in a Foreign Country

If the notification is addressed to a person residing in a foreign country, **it is to be made by recorded delivery**, [i.e. signed for upon receipt], or through the Lebanese Embassy or Consulate in that country or **by the rules prescribed by the local law.**
If the notification could not be made, the Court can determine that the person to be notified is of an unknown address in which case notification will take place according to the procedure for exceptional notification".[2] [Emphasis added]

16. As can be seen from the text of this Article, service of proceedings through a specific type of recorded **mail delivery signed for upon receipt**, is expressly permitted under Lebanese law in the event of a notification to a person residing in a foreign country.

---

[1] *Article 398 – The notification procedure:*
   *Notification is to be made by the bailiff.*
   *It may also be carried out via the police or the interior security forces [darak].*
   *Notification can also be made via the court clerk. [Unofficial translation]*

[2] Unofficial translation.

3

DECLARATION OF PROFESSOR COMAIR-OBEID IN SUPPORT OF ALLERGAN, INC.'S OPPOSITION TO MOTION TO DISMISS

17. Therefore, the option to serve proceedings, through recorded delivery, signed for upon receipt, as observed by Rule 4(f)(2)(C)(ii) of the US Federal Rules of Civil Procedure, cannot be prohibited by Lebanese law when the LCCP provides for a comparable means of service, albeit in the context of service of local proceedings to overseas defendants. In any event, it is a general principle of law recognized in Lebanon that a prohibition cannot be inferred, it must be expressly stated. In other words, a method of service cannot be deemed prohibited by the receiving state unless it is expressly prohibited by its local laws. The LCCP does not contain any provision prohibiting notification pursuant to other means prescribed under a foreign law.

18. On that point, I note that the Supreme Court in the UK has had to consider whether delivery of the proceedings to a defendant's attorney in Lebanon constituted good service.[3] Of particular relevance in that case was Rule 6.40 of the English Civil Procedure Rules which provides that "*Nothing in paragraph (3) or in any court order authorises or requires any person to do anything <u>which is contrary to the law of the country</u> where the claim form or other document is to be served*" [Emphasis added].

19. The Supreme Court noted that "*although it was held that delivery of the claim form was not permitted service under Lebanese law, it was not suggested or held that delivery of the documents was contrary to Lebanese law or that an order of an English court that such delivery was good service under English law was itself contrary to Lebanese law*". In particular, in relation to the issue as to " *whether the method of service had to be good service under local law as opposed to, not contrary to, that law*", the commentary on this decision explains how the Supreme Court, which overturned the Court of Appeal's decision, found that *"the Court of Appeal's interpretation was incorrect as it would make the provision allowing service by a method permitted under the law of the*

---

[3] *Abela and others v Baadarani* [2013] UKSC 44. A copy of the decision can be found at http://www.bailii.org/uk/cases/UKSC/2013/44.html and is attached as **Appendix A**. see also a related article published by Herbert Smith http://hsfnotes.com/litigation/2013/06/27/uk-supreme-court-clarifies-when-retrospective-alternative-service-out-of-the-jurisdiction-is-permitted/

4

DECLARATION OF PROFESSOR COMAIR-OBEID IN SUPPORT OF ALLERGAN, INC.'S OPPOSITION TO MOTION TO DISMISS



*country of service otiose*".[4]

20. This decision further emphasizes the distinction that must be made between a method of service that is "permitted" under local law as opposed to one that is "contrary" to that law. The fact that a method may not be explicitly permitted under local law does not render it contrary to local law, unless it is expressly prohibited by that law.

21. Consequently, to the best of my knowledge, having recourse to the option provided under Rule 4(f)(2)(C)(ii) of US Federal Rules of Civil Procedure, i.e. recorded delivery which requires a signature upon receipt, for notification of US proceedings to Parties in Lebanon, is not prohibited under Lebanese law.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 10 July 2017.

_____
Professor Nayla Comair-Obeid

---

[4] I note that in this decision the Appellants' lawyer in Lebanon is referred to as "Mr Houssami". I am however not in position to confirm whether this is the same Mr Mazen Nabil Houssami who provided a declaration in this matter.

5